On April 6, 2018, pro se chapter 7 debtor Kevin M. Wigger (the "Debtor") filed a Motion to Rescind or in the Alternative, Modify Second Amended State Court's Order to Fifth Third Securities Freezing Debtors [sic] IRA Account (the "Motion," ECF No. 50).
The court has reviewed the Motion which seeks modification of the order of the Hon. Timothy G. Hicks entered in State Treasurer v. Wigger , 15-50083-CZ (14th Circuit Court, Muskegon County, Michigan). Judge Hicks's original order awarded the State Treasurer (the "Treasurer") most of the Debtor's interests in his retirement accounts at Fifth Third Securities ("Fifth Third"), as well as some portion of his conversion claim against the Debtor's son, George Wigger. The order granted relief pursuant to the State Correctional Facility Reimbursement Act, M.C.L. § 800.401 et seq. , a statutory scheme designed to recover the costs of caring for and housing incarcerated individuals in Michigan.
On its face, the Motion seeks modification of a state court order. It also appears to seek relief from this court affecting the Debtor's interests in his Fifth Third retirement account and his conversion claim against his son, either by discharging the Treasurer's lien against these assets or by discharging the claim, or both. The relief appears to be premised, in part, on the Debtor's claim that the assets are exempt under 11 U.S.C. § 522, and that the Treasurer's claim is dischargeable notwithstanding § 523(a)(7).
The court has carefully reviewed the Motion, the Treasurer's response (ECF No. 56), and the Debtor's reply (ECF No. 59) and has determined to deny the Motion without prejudice for jurisprudential and procedural reasons.
With respect to the formal request to rescind Judge Hick's order, the lower federal courts have no authority to modify the orders of sister state courts. Indeed, the Supreme Court of the United States is the only federal court with appellate jurisdiction over the decisions of state courts, and only then, over the decisions of state courts of last resort implicating federal interests. See 28 U.S.C. § 1257. The bankruptcy court has no authority to rescind or modify Judge Hick's order, strictly speaking.
Nevertheless, as the Motion suggests, the court does have authority to modify property interests or claims, in a proper case. Procedurally, however, the Motion is improper because it seeks *717 through a contested matter relief available only through an adversary proceeding. Compare Fed. R. Bankr. P. 9013 & 9014 with Fed. R. Bankr. P. 7001. For example, the Debtor is evidently seeking a determination that the Treasurer has no lien or other property interest in the Fifth Third account and conversion claim-a determination that, under the rules, requires the increased procedural protections afforded through an adversary proceeding. See Fed. R. Bankr. P. 7001(2). Similarly, the Debtor is asking the court to determine that the Treasurer's claim is dischargeable notwithstanding the possible application of 11 U.S.C. § 523(a)(7), which likewise requires an adversary proceeding. See Fed. R. Bankr. P. 7001(6). The court is unwilling to make these determinations in a contested matter and thereby expose its decision to collateral attack from an unhappy litigant based on, for example, a due process challenge.
More substantively, the Debtor's Motion appears to be premised to a large extent on his conclusion that the retirement assets and conversion claim are exempt under 11 U.S.C. § 522, a conclusion that the court does not yet share. Under Fed. R. Bankr. P. 4003(b)(1), creditors and other interested parties have until 30 days after the conclusion of the meeting of creditors to object to the Debtor's exemption claims. The court's review of the docket, however, confirms that the chapter 7 trustee has adjourned the meeting under Fed. R. Bankr. P. 2003(e) until May 29, 2018. Indeed, the Debtor's son has filed an objection to exemptions, and it is quite possible that the Treasurer or the panel trustee may also see fit to file an objection. Therefore, because the time for objecting to exemptions has not passed, none of the Debtor's property is yet exempt. Therefore, the Motion is premature to the extent premised on the supposed exemption.
According to the Treasurer, the State Correctional Facility Reimbursement Act at issue in this controversy,[1] does not impose personal liability upon the Debtor (a prisoner); rather, it creates a lien upon a prisoner's assets, arguably operating in rem rather than in personam . See Auditor General v. Hall , 300 Mich. 215, 221, 1 N.W.2d 516, 518 (1942) ; see also M.C.L. § 800.404(7) ("If, in the opinion of the court, the assets of the prisoner are sufficient to pay the cost of the proceedings under this act, the assets shall be liable for those costs upon order of the court."). If the Treasurer is correct that Judge Hicks's judgment operates in rem , then there would be no point in arguing about the discharge of a debt because a discharge only relieves a debtor of his personal liability, generally leaving in rem rights unaffected. See Johnson v. Home State Bank , 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) ; 11 U.S.C. § 524(a) (effect of discharge). Given the court's decision to deny the Motion without prejudice, however, these issues must await resolution at another time.
NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 50) is DENIED without prejudice.
IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mr. Kevin M. Wigger, Katherine C. Kerwin, Esq., chapter 7 trustee Thomas A. Bruinsma, all parties requesting notice of these proceedings, and Assistant United States Trustee Matthew Cheney, Esq. (via first class U.S. Mail).
IT IS SO ORDERED.

M.C.L. §§ 800.401 et seq.